1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IRVIN REYES,                              No.  2:21-cv-0571-KJM-CKD PS

12                  Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14   KAISER PERMANENTE FOUNDATION               (ECF Nos. 1 & 2)
     HOSPITAL,
15
                    Defendant.
16

17

18         Plaintiff is proceeding without counsel in this action[1]—his third federal suit against Kaiser

19   Permanente—and this time has requested leave to proceed in forma pauperis ("IFP") pursuant to

20   28 U.S.C. § 1915.  (ECF No. 2.)  Plaintiff's application in support of his request to proceed IFP

21   makes the required financial showing.  However, the undersigned recommends denying plaintiff

22   IFP status because—as explained below—the complaint fails to state a claim for relief, because it

23   is barred by the doctrine of res judicata.[2]  For the same reason, the undersigned also recommends

24   ////

---

[1] This action is referred to the undersigned for pre-trial proceedings pursuant to 28 U.S.C.
§ 636(b)(1) and Local Rule 302(c)(21).

[2] See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam), as amended
(Sept. 9, 1998) (affirming denial of IFP request based on finding at screening that certain claims
were barred by res judicata).

1 dismissing this action with prejudice.

2       Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case

3 if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or

4 seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith,

5 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but

6 requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

7 **SCREENING STANDARD**

8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

11 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

12 490 U.S. at 327.

13       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

14 assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

15 action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words,

16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief

18 cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim

19 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

21 678. When considering whether a complaint states a claim upon which relief can be granted, the

22 court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

23 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.

24 Allain, 478 U.S. 265, 283 (1986).

25       Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404

26 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

27 Unless it is clear that no amendment can cure the defects of a complaint, a self-represented

28 plaintiff is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v.

1 | Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

2 | Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless,

3 | leave to amend need not be granted when further amendment would be futile.  See Cahill v.

4 | Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

5 | **BACKGROUND**

6 |      This is the third lawsuit plaintiff has filed in this court against Kaiser Permanente, his

7 | former employer, and at least the fourth he has filed against Kaiser overall.  As shown in the

8 | filings from plaintiff's prior federal suits, plaintiff originally sued Kaiser in May 2013 in

9 | Sacramento County Superior Court.  (See E.D. Cal. No. 2:18-cv-622, ECF No. 19 at 6-25 (state

10 | court complaint).)  In that state suit, plaintiff asserted claims for "wrongful termination in

11 | violation of public policy," gender/race/disability discrimination, and retaliation—arising from

12 | the loss of his job in 2012.  (Id. at 37-51 (state court First Amended Complaint).)  In February

13 | 2014, plaintiff—then represented by counsel—voluntarily dismissed his state suit.  As requested,

14 | that dismissal was entered with prejudice.  (Id. at 60.)

15 |      Plaintiff's first suit against Kaiser in this court began and ended in 2018 when the action

16 | was dismissed with prejudice as barred by res judicata based on the prior state court suit.  Reyes

17 | v. Kaiser Permanente, 2018 WL 4732152, at *1, *4 (E.D. Cal. Oct. 2, 2018), report and

18 | recommendation adopted, 2018 WL 10716542 (E.D. Cal. Nov. 30, 2018), aff'd, 782 F. App'x

19 | 605 (9th Cir. 2019), cert. denied, No. 19-8405, 2020 WL 5882510 (U.S. Oct. 5, 2020).

20 |      Soon after the Ninth Circuit affirmed that dismissal, plaintiff filed a second suit in this

21 | court against Kaiser (and others) in November 2019.  (E.D. Cal. No. 2:19-cv-2289-KJM-CKD,

22 | ECF No. 1.)[3]  Just two months ago, on February 24, 2021, this court dismissed that suit with

23 | prejudice, finding it was also barred by res judicata based on the state court suit.  (No. 2:19-cv-

24 | 2289, ECF Nos. 38, 43.)

25 |      On March 29, 2021, plaintiff filed the instant complaint against Kaiser.  (ECF No. 1 at 1.)

26 | Plaintiff's complaint does not identify what cause of action he is asserting but states that, after he

27 |

28 | [3] That case was assigned to the undersigned and the Chief District Judge, as is the present case.

1    filed a wrongful termination claim against Kaiser (presumably, the state court suit), Kaiser

2    retaliated against him by opposing his post-termination application for unemployment benefits.

3    (Id. at 2.)  Plaintiff further alleges that he "was discriminated against" because the administrative

4    law judge at the unemployment benefits hearing did not consider his evidence and ultimately

5    denied his claim for unemployment benefits.  (Id. at 2-3.)  For relief, plaintiff requests the

6    benefits he believes he was due from July 1, 2013 through the date they would have expired.  (Id.

7    at 3-4.)

8    **ANALYSIS**

9           For the same reasons the undersigned explained in the findings and recommendations to

10   dismiss plaintiff's most recent federal suit, the doctrine of res judicata prevents plaintiff from

11   proceeding with this suit against Kaiser.  (See No. 2:19-cv-2289, ECF No. 38 at 5-7.)  In that suit,

12   plaintiff attached to his First Amended Complaint documents from his 2012 administrative appeal

13   of his post-termination claim for unemployment benefits, which were denied because Kaiser

14   discharged him for workplace misconduct.  (No. 2:19-cv-2289, ECF No. 19 at 38-46, 57-67,

15   72-74.)  And, as in the present complaint, plaintiff sought some form of relief for his

16   "unemployment finances."  (Id. at 9.)

17          In the previous suit, the undersigned found that plaintiff's claims all involved the same

18   "primary right at stake" as in the state court action (and in the first federal action).  (No. 2:19-cv-

19   2289, ECF No. 38 at 6-7.)  See San Diego Police Officers' Ass'n v. San Diego City Employees'

20   Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (discussing California's "primary right" approach to

21   determining whether two suits involve the same cause of action).  As to the purported

22   unemployment benefits claim, the undersigned first noted that it was unclear what claim plaintiff

23   was trying to assert against Kaiser for his unemployment benefits denial.  But, even generously

24   construing the claim as a Title VII retaliation claim based on Kaiser's opposition to plaintiff's

25   pursuit of unemployment benefits, the undersigned concluded that such a claim could and should

26   have been raised in plaintiff's prior state court action where he challenged Kaiser's other

27   allegedly retaliatory conduct during the same time period.  (No. 2:19-cv-2289, ECF No. 38 at

28   6-7.)  See Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 576 (Cal. Ct. App. 2010) ("If the

1  matter was within the scope of the action, related to the subject matter and relevant to the issues,

2  so that it <u>could</u> have been raised, the judgment is conclusive on it." (internal quotation omitted)).

3      In responding to the court's show cause order regarding res judicata in the most recent

4  suit, plaintiff argued that his state court counsel did not add "the unemployment issue" to his state

5  complaint despite saying that he would. (No. 2:19-cv-2289, ECF No. 36 at 2.) This confirms that

6  the unemployment benefits claim arose prior to or during the state court litigation, and thus could

7  have been raised with the related legal claims asserted in that original action.

8      Therefore, the undersigned must reach the same conclusion regarding the present

9  complaint which raises the same challenge to plaintiff's unemployment benefits denial—albeit

10  more clearly than last time. **Plaintiff cannot continue to sue Kaiser for opposing his request**

11  **for unemployment benefits.**[4]  Any claim arising from Kaiser's conduct related to plaintiff's

12  pursuit of state unemployment benefits in 2012 is now barred.  Any such claim could and should

13  have been brought in the original state lawsuit, and the dismissal of that suit "with prejudice"

14  blocks plaintiff from raising that claim, or related claims, in any court ever again.  <u>See</u> <u>Boeken v.</u>

15  <u>Philip Morris USA, Inc.</u>, 48 Cal. 4th 788, 793 (2010) (for purposes of res judicata, voluntary

16  dismissal with prejudice is a final judgment on the merits).  This may be a harsh reality, but it is

17  the law, and the court must apply it evenly to all.  This is the second time the court has explained

18  to plaintiff that he can no longer sue Kaiser for his unemployment benefits being denied.  Plaintiff

19  is cautioned not to try to bring this same claim again in this court.

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26

27  [4] Although plaintiff also challenges his treatment at the unemployment benefits hearing by an
administrative law judge, that is not relevant to his claims against the only named defendant,

28  Kaiser.

5

Finally, despite slight changes in the way plaintiff names Kaiser in his various suits, it is clear that plaintiff is suing the same entity in this suit as in each of the previous suits: that is, his former employer Kaiser Foundation Hospitals.[5]  Accordingly, like the most recent suit, all elements of res judicata are satisfied between this action and the original state court suit.  See DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (stating that claim preclusion applies if a subsequent suit involves "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit").  The same is true as between this suit and the latest federal suit, which was just dismissed with prejudice in February.[6]  (No. 2:19-cv-02289, ECF Nos. 43 & 44.)

Accordingly, the court recommends dismissing this suit with prejudice as barred by res judicata.  Cf. Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998), as amended (Sept. 9, 1998) (affirming denial of IFP request based on finding on screening the complaint that certain claims were barred by res judicata).  Any amended complaint that plaintiff could bring against Kaiser for the denial of unemployment benefits would be barred by res judicata as well, rendering amendment futile.  Therefore, dismissal should be without leave to amend.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

////

---

[5]     The instant complaint names "Kaiser Permanente Foundation Hospital," located at 6600 Bruceville Road in Sacramento.  (ECF No. 1 at 1.)  The state court action named "Kaiser Foundation Hospitals" as the defendant, whereas the most recent federal suits simply named "Kaiser Permanente."  (No. 2:18-cv-622, ECF No. 1 at 1-2 (federal complaint listing address at 6600 Bruceville Road); Id., ECF No. 19 at 6 (state complaint caption); No. 2:19-cv-2289, ECF No. 1 at 2 (federal complaint listing address at 6600 Bruceville Road).)
        In responding to the complaint in the first federal action, Kaiser averred that it was incorrectly sued as "Kaiser Permanente" when the proper corporate entity is Kaiser Foundation Hospitals, Inc., as listed in the state court action.  (No. 2:18-cv-622, ECF No. 10 at 2.)  In the latest federal suit, just dismissed, plaintiff's complaint indicated that his employment site was at 6600 Bruceville Road, and he attempted to serve process on Kaiser at that address several times.  (No. 2:19-cv-2289, ECF Nos. 11, 13; Id., ECF No. 17 at 3, 19; Id., ECF No. 19 at 69.)

[6] Although plaintiff recently filed a motion to reopen that case, such motion does not implicate the finality of the judgment of dismissal.  (No. 2:19-cv-02289, ECF No. 45.)

Accordingly, the undersigned RECOMMENDS that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) be DENIED;

2.  This action be DISMISSED with prejudice; and

3.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 19, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.reye.0571