1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

IRVIN REYES,

No.  2:21-cv-0571-KJM-CKD PS

12

Plaintiff,

13

v.

ORDER

14

KAISER PERMANENTE FOUNDATION
HOSPITAL,

(ECF Nos. 1-3)

15

16

Defendant.

17

18        Plaintiff is proceeding without counsel in this action[1]—his third federal suit against Kaiser

19    Permanente.  Initially, when he filed his complaint, plaintiff requested leave to proceed in forma

20    pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  On April 19, 2021, the undersigned

21    issued findings and recommendations conducting the statutory IFP screening and recommending

22    that the court deny IFP status and dismiss plaintiff's complaint as barred by res judicata.  (ECF

23    No. 3.)  The following week, on April 26, 2021, plaintiff paid the filing fee.  (Dkt. 4/26/2021.)

24    Accordingly, plaintiff's IFP request is now moot, and the April 19, 2021 findings and

25    recommendations must be vacated because IFP screening is no longer appropriate.  However, the

26

27

28

[1] This action is referred to the undersigned for pre-trial proceedings pursuant to 28 U.S.C.
§ 636(b)(1) and Local Rule 302(c)(21).

1

1   court now, on its own motion, **orders plaintiff to show cause** why this action should not be

2   dismissed, with prejudice, as barred by res judicata.

3   **BACKGROUND**

4   This is the third lawsuit plaintiff has filed in this court against Kaiser Permanente, his

5   former employer, and at least the fourth he has filed against Kaiser overall.  As shown in the

6   filings from plaintiff's prior federal suits, plaintiff originally sued Kaiser in May 2013 in

7   Sacramento County Superior Court.  (See E.D. Cal. No. 2:18-cv-622, ECF No. 19 at 6-25 (state

8   court complaint).)  In that state suit, plaintiff asserted claims for "wrongful termination in

9   violation of public policy," gender/race/disability discrimination, and retaliation—arising from

10  the loss of his job in 2012.  (Id. at 37-51 (state court First Amended Complaint).)  In February

11  2014, plaintiff—then represented by counsel—voluntarily dismissed his state suit.  As requested,

12  that dismissal was entered with prejudice.  (Id. at 60.)

13  Plaintiff's first suit against Kaiser in this court began and ended in 2018 when the action

14  was dismissed with prejudice as barred by res judicata based on the prior state court suit.  Reyes

15  v. Kaiser Permanente, 2018 WL 4732152, at *1, *4 (E.D. Cal. Oct. 2, 2018), report and

16  recommendation adopted, 2018 WL 10716542 (E.D. Cal. Nov. 30, 2018), aff'd, 782 F. App'x

17  605 (9th Cir. 2019), cert. denied, No. 19-8405, 2020 WL 5882510 (U.S. Oct. 5, 2020).

18  Soon after the Ninth Circuit affirmed that dismissal, plaintiff filed a second suit in this

19  court against Kaiser (and others) in November 2019 ("the 2289 action").  (E.D. Cal. No. 2:19-cv-

20  2289-KJM-CKD, ECF No. 1.)[2]  Just two months ago, on February 24, 2021, this court dismissed

21  the 2289 action with prejudice, finding it was also barred by res judicata based on the state court

22  suit.[3]  (Id., ECF Nos. 38, 43.)

23

---

24  [2] Like the present case, the 2289 action was assigned to the undersigned and the Chief District
    Judge.
25

26  [3] On April 9, 2021, plaintiff moved to reopen the 2289 action.  (No. 2:19-cv-2289, ECF No. 45.)
    On April 20, 2021, the Chief District Judge denied the motion but granted plaintiff fourteen
27  additional days to file any notice of appeal.  (Id., ECF No. 46.)  Accordingly, if plaintiff wishes to
    appeal the judgment of dismissal in Case No. 2:19-cv-2289, his notice of appeal must be received
28  by this court no later than **May 4, 2021**.

1        On March 29, 2021, plaintiff filed the instant complaint against Kaiser.  (ECF No. 1 at 1.)

2    Plaintiff's complaint does not identify what cause of action he is asserting but states that, after he

3    filed a wrongful termination claim against Kaiser (presumably, the state court suit), Kaiser

4    retaliated against him by opposing his post-termination application for unemployment benefits.

5    (Id. at 2.)  Plaintiff further alleges that he "was discriminated against" because the administrative

6    law judge at the unemployment benefits hearing did not consider his evidence and ultimately

7    denied his claim for unemployment benefits.  (Id. at 2-3.)  For relief, plaintiff requests the

8    benefits he believes he was due from July 1, 2013 through the date they would have expired.  (Id.

9    at 3-4.)

10    **ANALYSIS**

11       For the same reasons the undersigned explained in the findings and recommendations to

12    dismiss the 2289 action, the doctrine of res judicata prevents plaintiff from proceeding with this

13    suit against Kaiser.  (See No. 2:19-cv-2289, ECF No. 38 at 5-7.)  In that suit, plaintiff attached to

14    his First Amended Complaint documents from his 2012 administrative appeal of his post-

15    termination claim for unemployment benefits, which were denied because Kaiser discharged him

16    for workplace misconduct.  (Id., ECF No. 19 at 38-46, 57-67, 72-74.)  And, as in the present

17    complaint, plaintiff sought some form of relief for his "unemployment finances."  (Id. at 9.)

18       In the 2289 action, the undersigned found that plaintiff's claims all involved the same

19    "primary right at stake" as in the state court action (and in the first federal action).  (No. 2:19-cv-

20    2289, ECF No. 38 at 6-7.)  See San Diego Police Officers' Ass'n v. San Diego City Employees'

21    Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (discussing California's "primary right" approach to

22    determining whether two suits involve the same cause of action).  As to the purported

23    unemployment benefits claim, the undersigned first noted that it was unclear what claim plaintiff

24    was trying to assert against Kaiser for his unemployment benefits denial.  But, even generously

25    construing the claim as a Title VII retaliation claim based on Kaiser's opposition to plaintiff's

26    pursuit of unemployment benefits, the undersigned concluded that such a claim could and should

27    have been raised in plaintiff's prior state court action where he challenged Kaiser's other

28    allegedly retaliatory conduct during the same time period.  (No. 2:19-cv-2289, ECF No. 38 at

1    6-7.)  See Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 576 (Cal. Ct. App. 2010) ("If the

2    matter was within the scope of the action, related to the subject matter and relevant to the issues,

3    so that it could have been raised, the judgment is conclusive on it." (internal quotation omitted)).

4          In responding to the court's show cause order regarding res judicata in the 2289 action,

5    plaintiff argued that his state court counsel did not add "the unemployment issue" to his state

6    complaint despite saying that he would.  (No. 2:19-cv-2289, ECF No. 36 at 2.)  This confirms that

7    the unemployment benefits claim arose prior to or during the state court litigation, and thus could

8    have been raised with the related legal claims asserted in that original action.

9          Therefore, it appears that the same res judicata conclusion in the 2289 action applies to the

10   present complaint which seems to raise the same challenge to plaintiff's unemployment benefits

11   denial—albeit more clearly than last time.[4]  To put it simply, any claim arising from Kaiser's

12   conduct related to plaintiff's pursuit of state unemployment benefits in 2012 is now barred.  Any

13   such claim could and should have been brought in the original state lawsuit, and the dismissal of

14   that suit "with prejudice" blocks plaintiff from raising that claim, or related claims, against Kaiser

15   in any court ever again.  See Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 793 (2010) (for

16   purposes of res judicata, voluntary dismissal with prejudice is a final judgment on the merits).

17         Finally, despite slight changes in the way plaintiff names Kaiser in his various suits, it

18   appears that plaintiff is suing the same entity in this suit as in each of the previous suits:  that is,

19   his former employer Kaiser Foundation Hospitals.[5]  Accordingly, as held in the most recent suit

20

21   [4] Although plaintiff also challenges his treatment at the unemployment benefits hearing by an
administrative law judge, that is not relevant to his claims against the only named defendant,
22   Kaiser.

23   [5]     The instant complaint names "Kaiser Permanente Foundation Hospital," located at 6600
Bruceville Road in Sacramento.  (ECF No. 1 at 1.)  The state court action named "Kaiser
24   Foundation Hospitals" as the defendant, whereas the most recent federal suits simply named
"Kaiser Permanente."  (No. 2:18-cv-622, ECF No. 1 at 1-2 (federal complaint listing address at
25   6600 Bruceville Road); Id., ECF No. 19 at 6 (state complaint caption); No. 2:19-cv-2289, ECF
No. 1 at 2 (federal complaint listing address at 6600 Bruceville Road).)
26        In responding to the complaint in the first federal action, Kaiser averred that it was
incorrectly sued as "Kaiser Permanente" when the proper corporate entity is Kaiser Foundation
27   Hospitals, Inc., as listed in the state court action.  (No. 2:18-cv-622, ECF No. 10 at 2.)  In the
2289 action, plaintiff's complaint indicated that his employment site was at 6600 Bruceville
28

4

1    (the 2289 action), all elements of res judicata appear to be satisfied between this action and the

2    original state court suit.  See DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (stating

3    that claim preclusion applies if a subsequent suit involves "(1) the same cause of action (2)

4    between the same parties (3) after a final judgment on the merits in the first suit").  The same is

5    true as between this suit and the 2289 action itself, which was just dismissed with prejudice in

6    February.  (No. 2:19-cv-02289, ECF Nos. 43 & 44.)

7          Thus, plaintiff must show cause why the court now should not conclude that the present

8    lawsuit is barred by res judicata and should not recommend that it be dismissed with prejudice.

9    "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss

10   the action *sua sponte*, even though the [preclusion] defense has not been raised," Arizona v.

11   California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard

12   prior to dismissal.  Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054-55 (9th Cir. 2005).

13   "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the

14   records of that court show that a previous action covering the same subject matter and parties had

15   been dismissed.'"  Id. at 1054-55 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639

16   n.1 (9th Cir. 1958)).

17         No later than **14 days** after the date of entry of this order, plaintiff shall file a written

18   response explaining why the dismissal of the prior state court action should not bar this suit—just

19   as it barred the 2289 action.  Specifically, plaintiff should at least address (1) whether he is

20   asserting against Kaiser any claim unrelated to the denial of his unemployment benefits; and

21   (2) whether he is attempting to sue an entity other than his former employer, Kaiser Foundation

22   Hospitals.  If plaintiff determines that his case should not proceed due to the res judicata issues

23   discussed above, he may also file a notice of voluntary dismissal of his case.  In that event, the

24   $402 filing fee payment will be refunded to him and the case closed.

25   ////

26

27   Road, and he attempted to serve process on Kaiser at that address several times.  (No. 2:19-cv-
     2289, ECF Nos. 11, 13; Id., ECF No. 17 at 3, 19; Id., ECF No. 19 at 69.)
28

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The April 19, 2021 findings and recommendations (ECF No. 3) are VACATED, to be replaced by the instant order;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot; and

3. Within fourteen (14) days of entry of this order, plaintiff shall file a written response explaining why this action is not barred by res judicata.  If plaintiff determines that his case should not proceed, he may also file a notice of voluntary dismissal, in which case his $402 filing fee payment will be refunded to him.

Dated:  April 27, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.reye.0571

6