UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN REYES, | No. 2:21-cv-0571-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| KAISER PERMANENTE FOUNDATION HOSPITAL, | (ECF Nos. 4, 10) |
| Defendant. | |

Plaintiff is proceeding without counsel in this fee-paid action—his third federal suit against his former employer, Kaiser Permanente.[1] On April 27, 2021, the court on its own motion ordered plaintiff to show cause why the action should not be dismissed as barred by res judicata. (ECF No. 4.) On May 27, 2021, after receiving an extension of time, plaintiff filed a response. (ECF No. 10.)

After carefully considering plaintiff's response and the nature of his prior suits in both federal and state court, the undersigned finds that there is good cause to allow the instant

---

[1] This case is referred to the undersigned for pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). The complaint was initially filed in forma pauperis on March 29, 2021, but after the undersigned recommended dismissing the action at the screening stage, plaintiff paid the filing fee, and that dismissal recommendation was vacated. (ECF Nos. 1-4; Dkt. Entry 4/26/21.)

1

1  complaint to proceed, despite the court's initial misgivings.  The court does not opine definitively
2  at this juncture whether or not this action is res judicata barred.  The court simply concludes that
3  sua sponte dismissal is not appropriate because California law does not decisively establish that
4  the claim(s) presently asserted are precluded by the prior adverse state court judgment.[2]

5        Plaintiff may therefore resume prosecuting this case, with the next step being to properly
6  serve Kaiser with service of process (or to obtain a waiver of service) and to file proof of service
7  (or defendant's waiver) with the court.  Plaintiff will have **90 days** from the date of this order to
8  do so.

9        Plaintiff had difficulty with this step in his last case against Kaiser (which was also before
10 the undersigned).  The court reminds plaintiff to review Federal Rule of Civil Procedure 4,
11 particularly subsection 4(h) regarding service on corporate defendants.[3]  See Long v. McAfee,
12 2019 WL 5536228, at *4 (E.D. Cal. Oct. 25, 2019) (discussing permissible methods of serving
13 corporate entities in California).  In addition, based on plaintiff's service attempts in his prior
14 federal cases, it appears that the 6600 Bruceville Road location where plaintiff used to work is
15 likely not an appropriate site for service of process on Kaiser.  Plaintiff would do well to research
16 the name and address of Kaiser's registered agent(s) for service of process, which can be found

17 ///
18 ///
19 ///

---

[2] Here, plaintiff alleges retaliation by Kaiser at his post-termination unemployment benefits hearing (allegedly retaliating against him for filing his state court wrongful termination suit), and he claims injury from the denial of unemployment benefits; whereas, the state court wrongful termination suit and plaintiff's more recently dismissed federal suits centered on his treatment leading up to his termination and claimed injury from the termination itself.  Cf. Gonzales v. California Dep't of Corr., 739 F.3d 1226, 1232 (9th Cir. 2014) ("As opposed to the federal 'transactional' theory of claim preclusion, California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." (cleaned up)); Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (Cal. Ct. App. 1983) ("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake . . . .").

[3] Plaintiff may consider hiring a process server, although of course that is not required. What is required is proper service as outlined by Rule 4 of the Federal Rules of Civil Procedure.

through the California Secretary of State's business search tool at https://businesssearch.sos.ca.gov/. The court further notes, based on defendant's appearance in one of plaintiff's prior cases, that defendant's legal name is Kaiser Foundation Hospitals, Inc. (See E.D. Cal. No. 2:18-cv-0622, ECF No. 10 (Answer) at 2.)

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The April 27, 2021 order to show cause (ECF No. 4) is discharged;
2. The Clerk of Court is instructed to issue a Summons and the standard Civil New Case Documents for this case, and to serve those documents on plaintiff; and
3. Within 90 days of entry of this order, plaintiff shall file proof of service (or of defendant's waiver of service) of the summons and the complaint on defendant Kaiser Permanente.

Dated: June 17, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.reye.0571