UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN REYES,<br><br>                    Plaintiff,<br><br>     v.<br><br>KAISER PERMANENTE FOUNDATION HOSPITAL,<br><br>                    Defendant. | No.  2:21-cv-0571-KJM-CKD PS<br><br>ORDER TO SHOW CAUSE |

Plaintiff is proceeding without counsel in this fee-paid action against his former employer, Kaiser Permanente.[1] On June 17, 2021, the court ordered plaintiff to proceed with prosecuting this case, despite the court's initial misgivings that the action might be barred by res judicata. (ECF No. 11.) The court gave plaintiff 90 days to serve Kaiser, and on September 3, 2021 plaintiff timely filed an executed proof of service. (ECF No. 17.) The proof of service shows that Kaiser was personally served with the summons and complaint, via its registered agent for service of process, on August 16, 2021. (Id.) Since the filing of this proof of service, however, there has

---

[1] This case is referred to the undersigned for pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). The complaint was initially filed in forma pauperis on March 29, 2021, but after the undersigned recommended dismissing the action at the screening stage, plaintiff paid the filing fee, and that dismissal recommendation was vacated. (ECF Nos. 1-4; Dkt. Entry 4/26/21.)

1

been no further action in this case. Accordingly, the court issues this order to show cause in an effort to move the case forward toward resolution.

Plaintiff may satisfy this order to show cause in one of two ways. First, he may file a status report advising the court of whether he has had any communication from defendant Kaiser Permanente (or its counsel) regarding this case, and whether and how he intends to proceed with this litigation. Alternatively, if it seems that Kaiser is declining to appear in this action or respond to the complaint despite being served with notice of the suit, plaintiff will need to seek default judgment in order to obtain the relief requested in the complaint.

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for seeking default judgment. First, the plaintiff must request entry of default by the Clerk of Court; and second, once default is entered, the plaintiff may request entry of default <u>judgment</u> by the court. <u>See</u> Fed. R. Civ. P. 55(a)-(b); <u>Symantec Corp. v. Global Impact, Inc.</u>, 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986).

The time for Kaiser to respond to the complaint has passed, assuming service was properly made—which appears to be the case, based on the sworn declaration on the proof of service. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i) (answer to complaint generally due "within 21 days after being served with the summons and complaint"). Thus, it would be procedurally proper for plaintiff to request entry of Kaiser's default by the Clerk. <u>See</u> Fed. R. Civ. P. 55(a) (clerk must enter party's default when the party "has failed to plead or otherwise defend," and that "failure is shown by affidavit or otherwise"). The Clerk will determine whether entry of default is appropriate by reviewing plaintiff's request and accompanying documentation. If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order. Entry of default is not a judgment, itself, but rather a necessary first step toward obtaining judgment.

Once the default is entered by the Clerk, plaintiff could then proceed to the second step and apply to the court to obtain a default judgment. <u>See</u> Fed. R. Civ. P. 55(b)(2). Such a motion must be noticed for hearing before the undersigned in compliance with Local Rule 230(b).

However, plaintiff should note that "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above. Plaintiff **need not** complete this second step (moving for default judgment) within 30 days of this order. He must only complete the first step of requesting entry of default by the Clerk—unless he opts to file the invited status report instead.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The initial scheduling conference set for November 17, 2021 is VACATED, to be reset as necessary should defendant appear in this case;

////

////

2. **Within 30 days** of the date of this order, plaintiff shall show cause in writing why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and

3. Plaintiff may satisfy this order to show cause by either:

    a. Filing a status report explaining whether plaintiff has received communication from defendant regarding this suit, and whether and how plaintiff intends to proceed with this suit; or

    b. Requesting entry of default against Kaiser by the Clerk of Court.

Dated:  October 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.reye.0571