UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER PERMANENTE FOUNDATION HOSPITAL,<br><br>    Defendant. | No.  2:21-cv-0571-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

    Plaintiff is proceeding without counsel in this fee-paid action against his former employer, Kaiser Permanente.[1] On June 17, 2021, the court ordered plaintiff to proceed with prosecuting this case, despite the court's initial misgivings that the action might be barred by res judicata. (ECF No. 11.) The court gave plaintiff 90 days to serve Kaiser, and on September 3, 2021 plaintiff timely filed an executed proof of service. (ECF No. 17.) The proof of service shows that Kaiser was personally served with the summons and complaint, via its registered agent for service of process, on August 16, 2021. (Id.) Since the September 3rd filing of this proof of service,

---

[1] This case is referred to the undersigned for pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). The complaint was initially filed in forma pauperis on March 29, 2021, but after the undersigned recommended dismissing the action at the screening stage, plaintiff paid the filing fee, and that dismissal recommendation was vacated. (ECF Nos. 1-4; Dkt. Entry 4/26/21.)

1

however, there has been no further action in this case whatsoever.[2]  Kaiser has not appeared or responded to the complaint, and plaintiff has not made any further filings.

On October 12, 2021, the undersigned issued an order to show cause in an effort to move the case forward.  (ECF No. 18.)  Plaintiff was invited to satisfy the order to show cause by either (a) filing a status report advising whether he has had any communication from defendant Kaiser Permanente (or its counsel) regarding this case, and whether and how he would proceed with this litigation, or (b) starting the process to seek default judgment under Rule 55 of the Federal Rules of Civil Procedure.  (Id. at 2, 4.)  The court explained the process of seeking default judgment under Rule 55 and gave plaintiff 30 days to "show cause in writing why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute."  (Id. at 2-4 (noting that plaintiff needed only to complete the first step of requesting the Clerk's entry of default, if he chose the default judgment route).)  The 30-day deadline has passed without receiving any filings from plaintiff.  Accordingly, the undersigned recommends dismissing this case without prejudice under Rule 41(b) for failure to prosecute.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The court has weighed the five factors for determining whether to involuntarily dismiss a case and finds that dismissal is warranted.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  This case is being delayed by plaintiff's failure to prosecute.  Notwithstanding defendant's failure to appear, it is plaintiff's obligation to litigate the case.  Without any action by plaintiff in response to the court's orders, the case may linger on the court's docket indefinitely.

---

[2] On September 3rd, plaintiff also filed a Consent / Decline of Magistrate Judge Jurisdiction form. (ECF No. 16.)

Plaintiff's failure to respond to the show cause order leaves the court with little alternative but to recommend dismissal. The undersigned recommends that the dismissal be without prejudice so that plaintiff may re-file his complaint when he is ready to actively litigate the matter. Plaintiff is encouraged to file timely objections to these findings and recommendations, and if plaintiff indicates that he is ready and willing to continue litigating this case at present, the undersigned will gladly withdraw these findings and recommendations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 19, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.reye.0571